United States District Court
Southern District of Texas
**ENTERED**
December 16, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| **MOHAMADEN DEYINE KEHMESS,** § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO. 5:25-CV-00238 |
| § | |
| **MIGUEL VERGARA,** *et al.*, § | |
| § | |
| Respondents. § | |

## MEMORANDUM AND ORDER

Pending before the Court is Petitioner Mohameden Deyine Kehmess's Petition for Writ of Habeas Corpus, (Dkt. 1), challenging the lawfulness of his detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS).

For the reasons set forth below, Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), is GRANTED IN PART. Respondents' Motion to Dismiss and, in the Alternative for Summary Judgment, (Dkt. 7), is DENIED.

Respondents are ORDERED to immediately release Mr. Kehmess, or to conduct a bond hearing under 8 U.S.C. § 1226(a) on or before **December 23, 2025.**

## BACKGROUND

This case is one of a growing number before this Court that challenge a recent change to the Department of Homeland Security's interpretation of the applicable statutory authority for the detention of noncitizens. *See, e.g., Fuentes v. Lyons*, 5:25-cv-00153, Dkt. No. 15 (S.D. Tex. Oct. 16, 2025). On July 8, 2025, ICE adopted its new legal position in a memo entitled "Interim Guidance Regarding Detention Authority for Applicants for Admission." (*See* Dkt. 1 at 5–9.) The memo states that 8 U.S.C. § 1225(b)(2), rather than 8 U.S.C. § 1226(a), is the applicable

immigration detention authority for all noncitizens who are applicants for admission. (*See id*.) Subsequently, on September 5, 2025, the Board of Immigration Appeals (BIA) issued a published decision in line with this interim guidance, holding that immigration judges lack authority to hear bond requests or to grant bond to noncitizens who are present in the United States without admission because they are subject to mandatory detention under 8 U.S.C. § 1225(b)(2). (*See id.* at 3–4); *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025).

### A. Mr. Kehmess

Petitioner Mohameden Deyine Kehmess ("Petitioner" or "Mr. Kehmess") is a citizen of Marutania who entered the United States on or about December 16, 2022. (Dkt. 1 at 16.) DHS later issued a warrant and arrested Mr. Kehmess, placed him into removal proceedings, and then released him on his own recognizance pending the adjudication of his removal case (*Id.*) Mr. Kehmess filed an I-589 asylum application in 2023. (*Id.* at 16–17.) He was later re-arrested by ICE when he was stopped at a checkpoint around October of 2025. (Dkt. 9 at 5–6.) He requested a custody redetermination from the immigration judge but was denied because the immigration judge found that it did not have jurisdiction (*Id*.) Mr. Kehmess remains in custody at the Rio Grande Processing Center in Laredo, Texas. (Dkt. 1 at 3.) He filed for a writ of habeas corpus challenging his continued detention on November 26, 2025. (Dkt. 1.) In his Petition, Petitioner requests declaratory and injunctive relief based on claims that Respondents have unlawfully detained him without a bond hearing pursuant to mandatory detention under 8 U.S.C. § 1225(b)(2) in violation of the Immigration and Nationality Act (INA), the Due Process Clause of the Fifth Amendment, and the Administrative Procedure Act (APA). (Dkts. 1, 9); *see also* 8 U.S.C. §§ 1226(a), 1225(b)(2).

**Legal Standard**

A district court has jurisdiction to grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law. 28 U.S.C. § 2241. "At its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to the lawfulness of immigration-related detention. *See, e.g.*, *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 516–17 (2003); *Baez v. Bureau of Immigr. & Customs Enf't*, 150 F. App'x 311, 312 (5th Cir. 2005) (unpublished op.); *Oyelude v. Chertoff*, 125 F. App'x 543, 546 (5th Cir. 2005) (unpublished op.).

**Discussion**

The issue before the Court is principally one of statutory interpretation: whether Petitioner is properly subject to immigration detention under 8 U.S.C. § 1225(b)(2), which allows for mandatory detention during removal proceedings, or whether he is instead detained under 8 U.S.C. § 1226(a), which provides for discretionary detention and a possibility for his release from custody on bond. Respondents' position is that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) as a noncitizen "seeking admission," while Petitioner argues that he has been misclassified by DHS and is instead subject to discretionary detention with the potential to be released on bond because 8 U.S.C. § 1226(a) is the applicable statutory authority for the detention of noncitizens who are already present in the country. (*See* Dkt. 1 at 9–15; Dkt. 9 at 7–11; Dkt. 7 at 4–15.)[1]

---

[1] On November 25, 2025, the Central District of California certified a national class in *Maldonado Bautista v. Santacruz*, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025) of Petitioners affected by DHS's Interim Guidance Regarding Detention Authority for Applicants for Admission. The "Bond

In their Response, Respondents decline to address Mr. Kehmess's claims under the APA and the Due Process Clause and instead focus on his claim that § 1226(a) rather than § 1225(b)(2) is the appliable legal authority for his detention as a matter of statutory interpretation and that Petitioner has failed to exhaust administrative remedies. (Dkt. 7 at 6–25.) Respondents argue that a plain language reading of the relevant INA provisions, the legislative history of the INA, developments in agency interpretation of the INA, prior legal precedent, and persuasive decisions from other districts support a reading of § 1225(b)(2) rather than § 1226(a) as the appliable statutory authority for Petitioner's detention. (*Id.*). Many of Respondents' statutory construction arguments mirror those that this Court addressed previously in *Fuentes v. Lyons*, 5:25-cv-00153, Dkt. No. 15 (S.D. Tex. Oct. 16, 2025) and that numerous other courts across this district and across the country have considered. (Dkt. 7 at 9 n.4); *Buenrostro-Mendez v. Bondi*, 2025 WL 2886346, at *3 (S.D. Tex. Oct. 7, 2025) (collecting cases).

As such, "[t]he Court need not repeat its analysis, especially where that analysis is consistent with 'the overwhelming majority' of courts to consider these issues in recent months." *Erazo Rojas v. Noem,* 2025 WL 3038262, at *1 (W.D. Tex. Oct. 30, 2025) (quoting *Buenrostro-Mendez,* 2025 WL 2886346, at *3). Because Respondents have failed to offer new controlling

---

Eligible Class" is comprised of "all noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination." *Maldonado Bautista*, 2025 WL 3288403, at *1. The Court ordered briefing from the parties to address whether Petitioner is a member of the certified class. (Dkt. 4.) The Government argues that Petitioner is not a member of the *Maldonado* class "because Petitioner was apprehended within a few days of his arrival." (Dkt. 8 at 2.) Petitioner on the other hand argues that he is a member of the certified class because he was apprehended at a checkpoint in the interior of the United States. (Dkt. 9 at 5.) Given that the Court finds that there are independent grounds upon which to grant relief for Petitioner regardless of his membership in the class, the Court will decline to address whether Mr. Kehmess is a class member.

precedent or novel reasoning that would justify reaching a different result in this case than in prior cases, the Court is unpersuaded to alter its prior position with respect to this issue. In accordance with its prior analysis, the Court holds that because Petitioner is a noncitizen who previously entered the United States and has been residing in the United States, the applicable authority for his detention is 8 U.S.C. § 1226(a). This finding is based on the statutes' plain text, congressional intent, canons of statutory interpretation, legislative history, and longstanding agency practices. *See Fuentes v. Lyons*, 5:25-cv-00153, Dkt. No. 15 (S.D. Tex. Oct. 16, 2025); *see also Rodriguez v. Bostock*, 2025 WL 2782499, at *1 n.3 (W.D. Wash. Sept. 30, 2025) (collecting cases).

Thus, the Court holds that because it is 8 U.S.C. § 1226(a), not 1225(b)(2) that applies to Petitioner, his detention without a bond hearing is unlawful.[2]

## Conclusion

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), is GRANTED IN PART. Respondents' Motion to Dismiss and, in the Alternative, for Summary Judgment, (Dkt. 7), is DENIED.

Respondents are ORDERED to immediately release Mr. Kehmess, or to conduct a bond hearing under 8 U.S.C. § 1226(a) on or before **December 23, 2025.**

If released, Respondents must notify Mr. Kehmess's counsel of the exact time and location of his release **no less than three hours** prior to releasing him.

---

[2] Mr. Kehmess challenges his detention on both statutory and constitutional grounds. As in its previous treatment of the issue, the Court "'will decline to decide the merits' of the due process claim 'given that the Court will grant the relief he seeks based on its interpretation of the applicability of § 1226(a).'" *See Buenrostro-Mendez*, 2025 WL 2886346, at *3 n.4 (quoting *Pizarro Reyes v. Raycraft*, 2025 WL 2609425, at *8 (E.D. Mich. Sept. 9, 2025). The Court will also decline to address Mr. Kehmess's APA challenges at this time.

No later than **December 24, 2025, at 5:00 P.M. Central Standard Time (CST),** the Parties shall provide the Court with a status update on the outcome of any bond hearing conducted pursuant to this Order, or if no bond hearing is held, advise the Court as to the status of Mr. Kehmess's release from custody pursuant to this Order. The parties should also notify the Court if the Government seeks a stay of the bond decision under 8 C.F.R. § 1003.19(i).

IT IS SO ORDERED.

SIGNED this December 16, 2025.

Diana Saldaña
United States District Judge